
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50411 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00448-R-2 |
| v. | |
| ARTEZ RICHARD BREWER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 13, 2019
Pasadena, California

Before:  CALLAHAN, D.M. FISHER,[**] and CHRISTEN, Circuit Judges.

Artez Richard Brewer appeals his convictions for conspiracy to commit

bank robbery and bank robbery, as well as his 126-month custodial sentence.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

have jurisdiction pursuant 28 U.S.C § 1291. We vacate Brewer's conviction and remand for further proceedings.

1. "The Sixth Amendment guarantees a criminal defendant the right to a trial by impartial jurors." *United States v. Brugnara*, 856 F.3d 1198, 1211 (9th Cir. 2017). We have previously indicated that this right is violated where a sleeping juror misses essential portions of the trial or is otherwise unable to fairly deliberate on the defendant's guilt. *See United States v. Barrett*, 703 F.2d 1076, 1083 n.13 (9th Cir. 1983).

We review a district court's handling of sleeping juror allegations for an abuse of discretion. *See id.* at 1083. Here, when presented with an uncontroverted assertion that a specific juror slept through the court's instructions, the district court did not make any responsive inquiry or finding. We give significant deference to trial judges, but that deference does not extend to a wholesale failure to investigate possibly serious allegations of juror misconduct. *Id.* We conclude that the district court abused its discretion because it failed to ask any questions, make any findings, rule on Brewer's request to replace the allegedly sleeping juror with an alternate, and/or failed to provide the jury with a written copy of the instructions.

We also cannot say, on these facts, that Brewer was not prejudiced by the district court's failure to investigate. If a juror was asleep during the instructions, there can be no doubt that he or she slept through an "essential portion[]" of the case. *Id.* at 1083 n.13. Written instructions, which could have potentially cured any prejudice caused by the allegedly sleeping juror, were not provided. Because we cannot say the failure to inquire was harmless beyond a reasonable doubt in the facts and circumstances of this case, we must vacate Brewer's conviction and remand for a new trial. *See United States v. Kleinman*, 880 F.3d 1020, 1034 (9th Cir. 2017).

2.      Because we remand for a new trial, we also address Brewer's Fourth Amendment challenge to the fruits of certain GPS tracking evidence, as it is likely to arise again in the district court.[1] We assume without deciding that federal agents and their local law enforcement counterparts violated the Fourth Amendment by tracking Brewer's vehicle outside of the State of Indiana, the only jurisdiction authorized by the plain terms of the warrant. *See United States v. Jones*, 565 U.S. 400, 404 (2012).

---

[1] We need not, however, reach Brewer's other arguments challenging his conviction and sentence.

However, the exclusionary rule "is a 'prudential' doctrine, created by [the Supreme] Court to 'compel respect for the constitutional guaranty.'" *Davis v. United States*, 564 U.S. 229, 236 (2011) (first quoting *Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363 (1998); then quoting *Elkins v. United States*, 364 U.S. 206, 217 (1960)). Exclusion of unlawfully obtained evidence is only appropriate where "its deterrence benefits outweigh its substantial social costs." *Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016) (quoting *Hudson v. Michigan*, 547 U.S. 586, 591 (2006)). "Suppression of evidence . . . has always been our last resort, not our first impulse." *Id.* (alteration in original) (quoting *Hudson*, 547 U.S. at 591).

Here, we are mindful of the fact that law enforcement obtained two different warrants pertaining to searches of Brewer's Volvo, and that Brewer's arrest represented the culmination of a four-day multi-agency operation spanning nine states and thousands of miles. The record does not reveal the type of "sufficiently deliberate" official misconduct amenable to deterrence through exclusion. *Herring v. United States*, 555 U.S. 135, 144 (2009). At worst, the unlawful search here represents an instance of "isolated negligence" that does not merit suppression of the search results or their fruits. *Id.* at 137; *see also id.* at 144.

We also observe that an intervening event—Brewer's participation in a robbery in broad daylight in Los Angeles—severed the casual chain between the

4

agents' unlawful tracking and the evidence Brewer seeks to suppress. *See Frimmel Mgmt., LLC v. United States*, 897 F.3d 1045, 1053 (9th Cir. 2018) (holding that attenutation of the taint "'is more akin to a proximate causation analysis,' rather than a 'but for' test" (quoting *United States v. Smith*, 155 F.3d 1051, 1060 (9th Cir. 1998)). We affirm the district court's order denying Brewer's motion to suppress.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**